PER CURIAM.
J.W., the father of a dependent child, appeals from an order requiring him to participate in a drug court program as a case plan requirement. Appellant highlights that section 397.334, Florida Statutes, which authorizes counties to fund drug court programs for criminal defendants provides that “[e]ntry into ... [the] program shall be voluntary.” § 397.334(2), Fla. Stat. (2011). It also specifies that a “court may order an individual to enter into a pretrial treatment-based drug court program only upon written agreement by the individual.... ” Id. Appellant reasons that since this statute provides only for voluntary drug court programs, the trial judge should have been required to select an alternative drug treatment program when he objected to drug court as a case plan requirement. This argument ignores the applicable provision of chapter 39, Florida Statutes, which expressly authorizes the court in a dependency case, upon a showing of “good cause[,]” to:
Require the parent ... [of a dependent child] to participate in and comply with treatment and services identified as necessary, including, when appropriate and available, participation in and compliance with a treatment-based drug court program established under s. 397.334. In addition to supervision by the department, the court, including the treatment-based drug court program, may oversee the progress and compliance with treatment by a person who has custody or is requesting custody of the child.
§ 39.521(l)(b)l., Fla. Stat. (2011). The evidence in this case supports the trial court’s decision to order intensive drug *1158 treatment for this parent. Accordingly, under chapter 39, the trial court had the authority to require Appellant to participate in drug court as a case plan condition. Id. If Appellant chooses noncompliance, the trial court may treat the noncompliance as it would noncompliance with any other case plan condition. See id. (“The court may impose appropriate available sanctions for noncompliance upon a person who has custody or is requesting custody of the child or make a finding of noncompliance for consideration in determining whether an alternative placement of the child is in the child’s best interests.”).
AFFIRMED.
ORFINGER, C.J., and SAWAYA and LAWSON, JJ., concur.